UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REZA LASHKARI,

     *Plaintiff,*

v.

LARRY D. HILL,
MAYFLOWER TRANSIT, LLC, AND
GUARDIAN MOVING SYSTEMS, INC.

     *Defendants.*

No. 24-cv-11356-ADB

**<u>DISCOVERY ORDER</u>**
**(INSURANCE CLAIMS FILE)**

LEVENSON, U.S.M.J.

After the May 6, 2026, hearing on Plaintiff's motion for sanctions (Docket Nos. 53, 68), I took the motion under advisement and, among other things, I ordered Defendants to submit to the Court unredacted copies of the claims file for in camera inspection (Docket No. 69). Defendants have done so, and I have reviewed the claims file as well as the most recent privilege log. *See* Docket No. 54-17, Vanliner Insurance Company's Second Supplemental Privilege Log for Response to Plaintiff's Subpoena. Based on my review, the redacted portions of documents generated on or after January 2, 2024, warrant work-product protection. None of the documents dated prior to January 2, 2024, warrant work-product protection, thus they must be unredacted and produced to Plaintiff.

The work product doctrine protects (1) documents or other things, (2) prepared in anticipation of litigation, (3) by or for a party or a party's representative. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947). The party who asserts the work product doctrine "bears

the burden of proving not only that the work product doctrine applies to the documents listed in the privilege log but also that any privilege has not been waived." *Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*, No. 17-CV-12301-NMG, 2020 WL 9743702, at *1 (D. Mass. Oct. 9, 2020); *Amgen Inc. v. Hoecsht Marion Roussel, Inc.*, 190 F.R.D. 287, 289 (D. Mass. 2000). In the context of insurance claims, "[c]overage investigations by insurance companies are not *per se* conducted in anticipation of litigation, and a determination as to whether documents generated during such investigations were prepared in anticipation of litigation, as opposed to in the ordinary course of business, should be made on a case-by-case basis." *Woods Hole Oceanographic Inst.*, 2020 WL 9743702, at *3 (quoting *America Mut. Ins. Co. v. W.C. Bradley Co.*, 217 F.R.D. 79, 83 (D. Mass. 2003) *as supplemented* (Apr. 16, 2003)). For example, information related to an investigation into the cause of an accident or to the setting of reserves must be evaluated on a case-by-case basis to determine whether such information was prepared in the ordinary course of business or in anticipation of litigation. *See AMAG Pharms., Inc. v. Am. Guarantee & Liab. Ins. Co.*, No. 21-CV-10618-LTS, 2022 WL 16950437, at *5 (D. Mass. Nov. 15, 2022) (analyzing whether the setting of financial claim reserves was done in the ordinary course of business or in anticipation of litigation).

In the instant case, Defendants have not met their burden to prove that the work product doctrine applies to the redacted portions of documents dated prior to January 2, 2024. While there is always some possibility of litigation in connection with a car crash, the routine business of a liability insurance company includes investigating claims and assessing the monetary reserves appropriate for such claims. Prior to January 2, 2024, there is no indication in the documents themselves, nor in the surrounding facts and circumstances, that the adjusters and others handling the matter had any particularized expectation that this particular accident would

2

spawn a lawsuit. By contrast, on or about January 2, 2024, the parties anticipated litigation because of the impending statute of limitations deadline; this is apparent even on the face of the unredacted portions of those documents.

Accordingly, I order Defendants to provide to Plaintiff a copy of the claims file without redactions as to documents that pre-date January 2, 2024. Specifically:

- The documents that must be unredacted are identified on the privilege log, starting with the first row, labeled under the last column as page "125 of Claims Notes" (dated 2/23/21), through the row for page "26 of Claims Notes" (dated 11/30/23).

- The remaining documents may remain redacted as protected work-product. These documents are noted on the privilege log starting with the row for page "17 of Claims Notes" (dated 1/2/24) through page "6 of Claims Notes" (dated 1/30/2024). Documents noted on the privilege log as related to the reinsurance memorandum dated 1/30/2024 and 1/17/2024 may also remain redacted.

**<u>Timing</u>**

Defendants shall produce the unredacted documents to Plaintiff on or before June 12, 2026.

In the event that Defendants wish to seek reconsideration of this ruling prior to making such disclosures, Defendants may file a brief memorandum by close-of-business, June 10, 2026.

As indicated in the Court's electronic order on May 7, 2026 (Docket No. 69), after Plaintiff has had an opportunity to review the unredacted materials, Plaintiff may supplement his

3

previously filed motions seeking sanctions and/or additional discovery—addressing the

relevance (if any) of the newly unredacted information.[1]

/s/ Paul G. Levenson

Paul G. Levenson

U.S. MAGISTRATE JUDGE

Dated: June 5, 2026

---

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).